# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, ) | **TURN OVER FUNDS FROM INMATE** |
| ) | **TRUST ACCOUNT** |
| vs. ) | |
| ) | |
| Yancey J. Myers, ) | Case No. 1:17-cr-258 |
| ) | |
| Defendant. ) | |

Before the Court is the Government's motion seeking an order authorizing the Bureau of Prisons ("BOP") to turn over funds in the Defendant's inmate trust account filed on June 25, 2021. See Doc. No. 141. The Defendant filed a response in opposition to the motion on July 20, 2021. See Doc. No. 143. The Government filed a reply on July 27, 2021. See Doc. No. 144.

On April 16, 2019, the Defendant was sentenced to 360 months of imprisonment for three drug related offenses including one that resulted in a person's death. See Doc. No. 103. The Court also imposed a special assessment in the amount of $300.00 and restitution in the amount of $11,450.00. As of July 28, 2021, the Defendant has paid $175.00 toward his criminal monetary penalties and has an outstanding balance due of $11,575.00. According to the Government, the Defendant maintains approximately $1,109.91 in his inmate trust account. The Defendant maintains the motion should be denied because the balance in his inmate trust account is confidential, he has been making payments, the stimulus payment he received is exempt, and his restitution obligation is not due until he is placed on supervised release. The Government suggests the Defendant be allowed to retain $75 in his inmate trust account.

After a careful review of the record, the Court agrees with the Government that it possesses

a valid lien over the funds in the Defendant's inmate trust account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from <u>any source</u> during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Funds in inmate trust accounts do not qualify for exemption from payment of restitution under 18 U.S.C. § 3613(a)(1). <u>See</u> <u>United States v. Rand</u>, 924 F.3d 140, 144 (5th Cir. 2019) (finding that funds deposited into an inmate's trust account were not among the list of exemptions available to a criminal defendant under § 3613(a)(1)); <u>see also</u> <u>United States v. Brown</u>, No. 4:17-CR-51, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021) (holding the receipt of the stimulus checks constitutes a material change of economic circumstances affecting the ability to pay restitution and ordering payment from an inmate trust account).

In addition, it is clear that criminal monetary penalties imposed in this case were "due immediately" upon being imposed and the "payment of criminal monetary penalties is due during the period of imprisonment." <u>See</u> Doc. No. 103, p. 8. This is standard language included in all criminal judgments. Making minimal payments of $25 a quarter is hardly good cause to excuse additional payments when funds are available. Any right to financial privacy would not shield the Defendant's account information from collection efforts by the Government which is obligated to pursue collection of criminal monetary penalties. <u>See</u> 12 U.S.C. § 3413(e); 28 U.S.C. § 3015; 18 U.S.C. § 3664(m)(1(A)(i) and (ii); and 18 U.S.C. § 3613. The Defendant's contention that stimulus

payments are exempt is nothing more than an unsupported assertion. The Court is not aware of any provision in the America Rescue Plan Act of 2021 which exempts stimulus funds from being seized by the Government for application toward outstanding criminal monetary penalties. The Court finds it highly unlikely Congress would have intended any such outcome as doing so would benefit convicted felons at the expense of their victims.

Accordingly, the Court **GRANTS** the motion (Doc. No. 141) and **ORDERS** the BOP to turn over $1,034.00 from the Defendant's inmate trust account to the Clerk of Court for application toward the criminal monetary penalties imposed in this case. The Defendant shall retain the balance of his inmate trust account so that he may continue to participate in the BOP's Inmate Financial Responsibility Program.

**IT IS SO ORDERED.**

Dated this 9th day of August, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court